UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF ROBERT P. HARTWICK,** *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE ISLAMIC REPUBLIC OF IRAN,** *et al.*,<br><br>**Defendants.** | Case No. 1:18-cv-1612-CKK-GMH |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING**
***BOROCHOV V. ISLAMIC REPUBLIC OF IRAN* (D.C. CIR. 2024)**

Pursuant to the Court's Minute Order of March 28, 2024, Plaintiffs submit this supplemental brief regarding how the D.C. Circuit's conclusions in *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), affect this Court's subject matter jurisdiction in this case.

First, many attacks at issue in this case—*i.e.*, 6 of the 23 EFP (explosively formed penetrator) attacks and the 2 bellwether attacks—all have confirmed evidence of an extrajudicial killing. *See* ECF No. 109-1, pp. 33, 42, 45, 49, 58, 85-86; ECF No. 118-1, pp. 25, 30. The *Borochov* decision thus has no impact on the Court's subject matter jurisdiction over claims arising out of those attacks.[1]

Second, at the time Plaintiffs filed their Motion for Default Judgment as to Liability for the EFP Attacks (ECF No. 109) along with supporting evidence (ECF Nos. 110-113), this Court (and others) had held the phrase "act of extrajudicial killing" in 28 U.S.C. § 1605A(a)(1) included an ***attempted*** extrajudicial killing. *Karcher v. Islamic Republic of Iran*, 2021 WL 133507, at *65, 69 (D.D.C. Jan. 14, 2021) (CKK). Plaintiffs understood that, under the governing case law, evidence of

---

[1] The second amended complaint contains allegations for 358 terrorist attacks giving rise to the claims of 810 plaintiffs. To date, the Court has received evidence for 25 attacks (23 EFP attacks and 2 non-EFP bellwether attacks. ECF Nos. 109 & 118. Plaintiffs have not yet had the opportunity to present evidence to establish their claims, including evidence of a killing, in each of the remaining 333 attacks.

1

an attempted extrajudicial killing (*i.e.*, a terrorist attack in which the attacker tried but failed to kill anyone) was sufficient to establish this Court's subject matter jurisdiction. Consequently, Plaintiffs did not present evidence of a confirmed killing in every attack. Since the D.C. Circuit has ruled differently, Plaintiffs are undertaking to discover—with the aim of ultimately presenting to the Court—evidence of a confirmed killing in every attack at issue in this case. Moreover, as Plaintiffs have received documents from Department of Defense, some of them have contained information regarding an EJK associated with an attack that was previously unknown to Plaintiffs, such as an innocent civilian death. For that reason, Plaintiffs submit that additional time is needed to continue those discovery efforts.[2]

Third, the plaintiffs in *Borochov* still have 90 days from April 25, 2024 (the date the D.C. Circuit denied the petition for rehearing *en banc*) to file with the U.S. Supreme Court a petition for writ of certiorari. Because the Supreme Court may hear the case and ultimately reverse the D.C. Circuit, Plaintiffs submit that it would be premature for the Court to take any adverse action—namely, dismissal for lack of subject matter jurisdiction—regarding any claims in this case.

Finally, serious efforts are underway in Congress to amend 28 U.S.C. § 1605A to explicitly include an attempted extrajudicial killing within the ambit of the statute. It is undersigned counsel's understanding that proposed legislation is presently being considered by members of Congress and will likely be introduced this year. Such legislation would nullify *Borochov*.

For these reasons, Plaintiffs respectfully submit that *Borochov* does not require any immediate action by the Court and, if it did, would only impact a fraction of the claims at issue. Because the Plaintiffs are still awaiting documents from DOD containing probative evidence as to

---

[2] Pursuant to the agreed upon document production protocol (*see* ECF No. 94), the Department of Defense has produced documents related to 106 of the attacks at issue in this case. However, receiving documents related to an attack in one round of production does not mean Plaintiffs have received all documents related to that attack. Based on the current pace of production, Counsel anticipates DOD being able to complete document production within the next 12 to 18 months.

the occurrence of extrajudicial killing in some attacks, the current posture of *Borochov* should not immediately impact the 25 attacks so far presented to the Court. In the meantime, the Plaintiffs are prepared to continue presenting evidence to the Court related to the attacks and claims for which available evidence establishes the occurrence of an extrajudicial killing, and thereby continue making progress in this case.

Plaintiffs request a status conference to work with Court to develop a new case management order, or alternatively, a date to submit a new proposed case management order. Doing so would ensure that this case can make significant progress while awaiting the outcome of the various ongoing judicial and legislative efforts, the results of which will provide the clearest guidance to the Plaintiffs and the Court on any binding changes in the jurisdictional contours caused by *Borochov*.

Dated: May 17, 2024.                             Respectfully submitted,

By: /s/ Jeremy A. Tor
Jeremy A. Tor (Pro Hac Vice)
Ohio Bar No. 0091151
**SPANGENBERG, SHIBLEY & LIBER LLP**
1001 Lakeside Ave., East., Suite 1700
Cleveland, Ohio 44114
Telephone: 216-696-3232
Facsimile: 216-696-3924
Email: jtor@spanglaw.com

Christopher G. Paulos
DC Bar No. 1615782
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067
Email: cpaulos@levinlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 17, 2024.                    Respectfully submitted,

                                        */s/ Jeremy A. Tor*